UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>GOLD KEY STORAGE, et al.,<br><br>Defendants. | No. 2:24-cv-00835-TLN-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds pro se in this action, which was referred to the undersigned by Local Rule 302(c)(21). Plaintiff's complaint is before the court for screening. Plaintiff seeks leave to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The request is granted.

**I.   SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

1

court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**II.   ALLEGATIONS IN THE COMPLAINT**

The complaint names Gold Key Storage, Placerville Self Storage, and attorney Reich as defendants. (ECF No. 1 at 2.) The brief factual allegations are largely indiscernible, but plaintiff alleges "prejudicial acts," conversion of personal property, embezzlement, theft, and "massive injuries[.]" (Id. at 3-4.) Plaintiff seeks monetary damages. (Id. at 4.)

**III.   THE COMPLAINT SHOULD BE DISMISSED**

**A. Failure to Comply with Rule 8**

The complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1). In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Plaintiff's allegations do not satisfy the pleading standard. The court is unable to discern what acts the defendants took which support the claim or claims plaintiff intends to bring. The complaint is subject to dismissal. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### B. Subject Matter Jurisdiction

The complaint asserts a federal question exists as the basis for this court's jurisdiction. However, the complaint fails to establish the court's subject matter jurisdiction.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A federal question exists if: (1) federal law creates the cause of action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. See Coeur d'Alene Tribe v. Hawks, 933 F.3d 1052, 1055 (9th Cir. 2019).

Allegations of conversion do not present a federal question. See Chilkat Indian Vill. v. Johnson, 870 F.2d 1469, 1472 (9th Cir. 1989) (claims for conversion of artifacts brought by Indian village did not arise under federal law for federal jurisdiction purposes). The complaint does not plead a federal claim based on federal law and does not present any substantial federal question. Plaintiff has not identified an independent grant of jurisdiction conferring access to this forum. The court lacks subject matter jurisdiction over the matters set forth in the complaint.

### C. No Leave to Amend

In considering whether leave to amend should be granted, the court considers that this is not the first suit plaintiff has initiated in this court against Placerville Self Storage or against attorney Reich and prior opportunities to amend have been unsuccessful. See Heuvel v. Placerville Self Storage, No. 2:19-CV-01418-MCE-CKD-PS, 2020 WL 569421, at *1 (E.D. Cal.

Feb. 5, 2020) (recommending complaint be dismissed and case be closed after three opportunities to amend claims against storage company and other defendants), report and recommendation adopted sub nom. Van Den Heuvel v. Placerville Self Storage, No. 2:19-CV-01418-MCE-CKD-PS, 2020 WL 1157729 (E.D. Cal. Mar. 10, 2020); Van Den Heuvel v. Reich, No. 2:23-CV-1213-KJM-DB-PS, 2024 WL 1257363, at *2 (E.D. Cal. Mar. 25, 2024) (recommending dismissal of complaint alleging "actions of conversions of property by Laura Reich" after an unsuccessful opportunity to amend).

Like each complaint in the cases cited above, plaintiff's current complaint does not present a cogent, non-frivolous claim. In light of the nature of the deficiencies in the allegations, the court's lack of subject matter jurisdiction, and plaintiff's prior opportunities to amend in the cases cited above brought against the same defendants, it clearly appears granting leave to amend would be futile. The complaint should be dismissed without leave to amend. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

### IV.     CONCLUSION

In accordance with the above, IT IS ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED that the complaint be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings

/////
/////
/////
/////
/////

4

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, vand24cv0835.scrn.fr